Filed 4/3/24  P. v. Roulet CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>DALTON KENT ROULET,<br><br>　　Defendant and Appellant. | 2d Crim. No. B326080<br>(Super. Ct. No. 22CR04962)<br>(Santa Barbara County) |

Dalton Kent Roulet appeals after a jury convicted him of second degree robbery (Pen. Code, § 211)[1] and found true the special allegations that (1) the crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty or viciousness, or callousness, and (2) the defendant carried out the crime of robbery in a manner indicating planning, sophistication, or professionalism (Cal Rules of Court, rule 4.421(a)(1), (a)(8)).

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

The trial court found true a prior strike allegation (§ 667, subd. (e)(1)) and sentenced appellant to an aggregate term of 11 years in state prison, consisting of the midterm of three years, doubled due to the prior strike, plus five years for a prior serious felony conviction (§ 667, subd. (a)(1)).

We appointed counsel to represent appellant in this appeal. After an examination of the record, counsel filed an opening brief that raises no arguable issues. On February 2, 2024, we notified appellant by mail that he had 30 days within which to personally submit any contentions or issues he wished us to consider. The 30 days have since passed, and appellant has not presented any contentions or issues for our consideration.

In December 2021, appellant entered a liquor store in Santa Maria, pointed a gun at the cashier, and told him to put the money from the cash register in a bag. The cashier did as instructed and appellant fled with approximately $500 to $600.

At trial, the prosecution introduced video surveillance, eyewitness testimony, and photographic evidence connecting appellant to the robbery based on his distinctive clothing, jewelry, and vehicle. The prosecution also obtained still photographs from the Chumash Casino in Santa Ynez, which included images of appellant's vehicle in the parking garage and appellant and his wife inside the casino after the robbery. Casino machine records indicated appellant spent $601.

We have reviewed the entire record and are satisfied that appellant's counsel has fully complied with her responsibilities and that no arguable issue exists. (*People v. Wende* (1979) 25 Cal.3d 436.)

*Disposition*

The judgment is affirmed.

NOT TO BE PUBLISHED.

YEGAN, Acting P. J.

We concur:

BALTODANO. J.

CODY, J.

Patricia Kelly, Judge

Superior Court County of Santa Barbara

_____

Sanger Law Firm and Sarah S. Sanger, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.